PINK SMITH V. THE TERRITORY OF OKLAHOMA.

(Filed June 9, 1904.)

1. CRIMINAL LAW—Indictment, Clerical Error Does Not Invalidate, When. Where an indictment is sufficient in all other respects, a mere clerical error or mistake in the spelling or use of a word, does not render the indictment invalid, unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

2. SAME—Ruling on Evidence—Harmless Error in, Not Reversible. Errors of the trial court in its rulings upon the admission of testimony, which in no way could prejudice or tend to prejudice or affect the substantial rights of the party complaining, are not sufficient grounds for the reversal of a judgment.

3. SAME—Conviction of Lesser Offense—Degree. The jury in a criminal case may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, and whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty, and when there is a reasonable doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*T. S. Jones, Jno. Devereux* and *Lawrence & Huston,* for plaintiff in error.

*J. C. Robberts, Attorney General,* and *C. H. Woods, Assistant,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.: Plaintiff in error, Pink Smith, was indicted in the district court of Logan county, charged with the murder of William L. Mitchell. At the February, 1903, term of that court, a trial was had, and the jury returned a verdict finding the defendant guilty of manslaughter in the second degree. Motions for a new trial and in arrest of judgment were by the court overruled and exceptions saved, and the defendant sentenced to a term of three years in the territorial penitentiary; he appeals to this court. At the trial the plaintiff in error admitted the homicide but pleaded that the shooting was done in self defense.

It is urged as a ground for the reversal of the judgment that the indictment in this case does not sufficiently conform to the requirements of the statute, and does not state facts sufficient to constitute a public offense. The indictment reads that the homicide was perpetrated "with the premeditated design to effect" the death of the deceased, William L. Mitchell, while the statute reads "with the premeditated design to effect" the death of the person killed or of any other human being. No motion was made by the defendant to quash the indictment or demurrer interposed but upon the Territory offering its first witness, the defen-

dant objected to the introduction of any testimony, for the reason that the indictment did not state facts sufficient to constitute a public offense, and that the several counts in said indictment were improperly joined. The only objection argued is that the indictment is insufficient for the reason that the design shall be to effect the death of the person killed. This was clearly a mistake of the pleader, a clerical error, and where a defect in an indictment is merely technical, and the indictment being sufficient in all other respects, we are unable to see how the substantial rights of the defendant are affected by such mistake, therefore we cannot reverse the judgment for that reason.

Wilson's Statutes, section 5366:

"No indictment is insufficient nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Section 5801:

"Neither a departure from the form or mode prescribed in this chapter in respect to any pleadings or procedure, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right."

*People v. Hitchcock,* [Cal.] 38 Pac. 198.

Upon the trial one W. H. Mills was offered as a witness by the defendant, who testified that the reputation of the deceased for being a dangerous and violent man was bad. Upon cross-examination by the county attorney, the witness was asked whom he had ever heard say Mitchell's reputation was bad. He stated that he had heard Mr. Caldwell say that the deceased had abused him; that the defen-

dant had told him that the deceased abused him before the shooting; that the defendant's father had said the same, and that a neighbor girl had claimed that the deceased had called her a liar or as good as called her a liar and abused her some about the cattle.     Upon further examination he was asked:

Q. "You said there was a Jones girl said that Mr. Mitchell's reputation was bad?"

A. "She did not say it direct to me.     She did'nt say it was bad.     She said he talked mean to her and as good as called her a liar or something to that effect."

After the defendant had offered his evidence, the territory called in rebuttal, Myrtle Jones as a witness, who denied that she had made the statements as stated by the witness Mills, which testimony was allowed by the court over the objections of the defendant, to which the defendant excepted.     Defendant's counsel then asked witness a number of questions in cross-examination, to which there were objections interposed and sustained by the court, and exceptions saved by the defendant.

Defendant urges as grounds for the reversal of the judgment against him that the court erred in admitting the testimony of the witness Myrtle Jones, to contradict the testimony of Mills, and urges that the testimony complained of, was given by the witness Mills on cross-examination upon a collateral matter, and that the Territory was concluded by Mills' answers, and cites several authorities to the effect that when a witness makes statements on cross-examination collateral to the investigation, the same are to be taken as conclusive, and it is not admissible to contradict him, to show such statements to be untrue.

From an examination of the testimony of the witness Mills, it will be found that his statements as to the bad reputation of the deceased as to being a dangerous and violent man were without foundation in fact, and that the court would have been justified in striking out his entire testimony in that regard and withdrawing it from the consideration of the jury, as he clearly showed that he had no basis or reason for stating that the reputation of the deceased in that regard was bad; but his testimony was permitted to go to the jury, and the witness Myrtle Jones was only permitted to deny the immaterial statements accredited to her by Mills. Conceding that the court erred in admitting this immaterial testimony we are unable to see how it could in any way prejudice the rights of the defendant; and also conceding that the defendant's counsel had a right to cross-examine Myrtle Jones, all that could possibly have been accomplished would have been to have shown that she told Mills what he testified that she told him upon his cross-examination, and that therefore one of the statements upon which he based his opinion as to the general reputation of the deceased had actually been said, that is, that he had called her a liar or something to that effect.

Finally, it is contended by the plaintiff in error that the verdict is not supported by the evidence; that it is simply and purely a compromise verdict without any evidence to sustain it, and his counsel argues that the defendant having admitted the killing and claimed justification by the right of self defense, that he should have either been convicted of murder or acquitted; that under such circumstances the jury would not be warranted in finding him

guilty of manslaughter in the second degree. Under Wilson's Statutes, section 5536.

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Section 5535. "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

Section 5490. "When it appears that the defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only."

The offense charged in this case is the felonious killing of a human being, and the facts and circumstances surrounding and attending the act determine whether the act amounts to murder or manslaughter in the first or second degree. The indictment gives formal notice to the accused of the charge made against him, which in this case was the killing of William L. Mitchell; and the jury under proper instructions of the court found him guilty of the unlawful killing, but under the facts and circumstances found him guilty of the lowest degree included within the indictment and instructions of the court. Under the statutes of this territory, "Every killing of one human being by the act, procurement or culpable negligence of another which is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree." The jury having found that the homicide was neither justifiable nor excusable, necessarily found it to be felonious, thus repudiating the contention of the defendant that the killing was in self defense. It then became necessary

to determine under the instructions of the court of what degree of the offense charged the defendant was guilty; and where the jury entertain a reasonable doubt of which of two or more degrees the defendant is guilty, he can be convicted of the lowest only. The jury in this case undoubtedly entertained a reasonable doubt as to some of the elements necessary to constitute murder, or manslaughter in the first degree, hence they could only find him guilty of the lowest degree of felonious homicide; and having found the lowest degree possible under the law, the defendant cannot be heard to complain that he was convicted of the lower degree, or in other words to say that he should have been convicted of a higher degree.

We have carefully examined each of the errors assigned by the plaintiff in error, and we find no error in the record prejudicial to the rights of the defendant. The judgment of the district court of Logan county is therefore affirmed, and the district court is directed and ordered to enforce its judgment herein.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.