### RAYMOND DAVIS v. STATE.

No. A-4873. Opinion Filed Jan. 9, 1926.
(242 Pac. 283.)

Homer S. Hurst and Wm. Pfeiffer, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Charles H. Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Oklahoma county on a charge of having possession of whisky with intent to sell, the plaintiff in error, hereinafter called defendant, has appealed.

The evidence shows a state of facts about as follows: Certain officers went to an automobile on California street belonging to defendant, which was near his place of business, and while examining it the defendant came up, told the officers it was his, informed them that they would not find anything, but upon examination they found a hat pin in the back of the car near the top, and, upon inserting it in a secret lock in the front seat, discovered that there was a plant in the back of the front seat in which were twenty half-pint bottles filled with whisky and wrapped in paper. The defendant testified that he had owned the car for two months, had bought it secondhand, and did not know it contained the whisky plant nor whisky.

The first assignment of error argued is that the information is insufficient. No demurrer was filed, but objection to the introduction of evidence was made. Where no demurrer is filed, all reasonable intendments and inferences will be indulged in to support the information. The information charges that Raymond Davis did in Oklahoma county, state of Oklahoma, on the 1st day of February, 1923, commit the crime of illegal possession of intoxicating liquors "* * * in that he did then and there * * * unlawfully, willfully, and wrongfully have the possession of a certain quantity of intoxicating liquor, to wit, twenty-one half pints of whisky, the said having the possession of said intoxicating liquors * * * with the unlawful, willful, and wrongful intent," etc.

The only objection pointed out to the information is that the name of the defendant is not repeated after the word "said" as set out above. This appears to be a defect in form, a mere clerical error or omission, which does not destroy the sense of the information, and certainly was not prejudicial. Smith v. Territory, 14 Okla. 162, 77 P. 187; Dix v. State, 15 Okla. Cr. 559, 179 P. 624.

It is then argued that there is no evidence that the defendant had possession of the whisky with the intent to sell. Mere possession of the quantity is prima facie evidence of intent. But without such presumption the quantity and the manner in which the whisky was concealed would be circumstantial evidence sufficient to carry the case to the jury.

Some argument is advanced that there is prejudicial error in the rebuttal evidence of the state as to the reputation of the defendant. The defendant put his reputation in issue, and the state had a right in rebuttal to attack his general reputation, and, while one witness answered the question as to the defendant's general reputation that he was a bootlegger, the court promptly struck out the answer and rebuked the witness, and, since the defendant did not assign this as error even in the motion for a new trial or in the petition in error, it would appear that the ruling of the court was satisfactory. In any event the error, if not cured by the action of the court, was waived.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.