Ex parte WILLIAM ROY WILLIAMS.

No. A-9865.   Oct. 16, 1940.

(106 P. 2d 524.)

378

Laynie W. Harrod, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and John F. Eberle, Asst. Co. Atty., both of Oklahoma City, for respondent.

JONES, J.  The petitioner, William Roy Williams, has filed his petition for a writ of habeas corpus in this court, in which he alleges in substance that he is being held in the county jail of Oklahoma county pursuant to a judgment and sentence issued out of the district court of Oklahoma county in case No. 13057, wherein he was sentenced to serve a term of two years' imprisonment in the State Penitentiary for the alleged offense of receiving stolen property.  That the judgment and sentence is void, and the district court of Oklahoma county was without jurisdiction to try the petitioner or to sentence him upon said charge for the reason that the indictment upon which the petitioner was tried was returned by the grand jury of Oklahoma county and filed herein April 11, 1939, alleging that the crime was committed on December 26, 1939, which would be some eight months subsequent to the return of the indictment.  That the indictment stated an impossible offense and is absolutely void, and all proceedings had upon said indictment are null and void, and that the court was without jurisdiction to sentence the petitioner to the penitentiary upon a verdict had upon a trial of said cause.  A copy of the indictment is attached to the petition.

The county attorney in his response alleges that the petitioner was charged by preliminary information, filed in the justice of the peace court of one Everet Crismore, in Oklahoma county, on March 14, 1939, in which said preliminary complaint the defendant was charged with the crime of receiving stolen property and fixing the date as on or about December 26, 1938; the said defendant was arraigned before the justice of the peace on March 14, 1939, and bond was set in the sum of $500; that the defendant made bond on March 17, 1939, and was released from custody. That the grand jury was convened a short time later, and the files of said case were submitted to the grand jury, and an indictment was returned; that the language of the indictment, as returned by the grand jury, is the same as that attached to the petition filed herein.

The response further alleges that the defendant, from the time of his first arrest and arraignment in the justice of the peace court, knew that he was charged with committing the crime on December 26, 1938.

The petitioner attached a transcript of all the proceedings had in connection with his arraignment and conviction in the district court of Oklahoma county. From an examination of that record, it appears that when this case was called for trial, the county attorney asked and was given permission by the court to amend the indictment by changing the date from 1939 to 1938 so that the indictment as amended alleges that the offense was committed on December 26, 1938, the same date as alleged in the preliminary information.

The amendment was made over the objection of the defendant who contended that the court was without power to change the indictment in any particular, and for

any amendment to be effective the case would have to be resubmitted to the grand jury for their determination.

After the amendment was made, the cause proceeded to trial; defendant was found guilty, and sentenced to serve two years in the State Penitentiary.

The only question for determination of this court is whether the district court has the power and authority to amend an indictment to correct a purely clerical error in the nature of an impossible date which is inserted in the indictment.

The common-law rule, both in England and in this country, was that it was beyond the power of the court to make, order, or permit any amendment of any nature to an indictment. The strict rule of the common law against amendments was occasioned, it has been said, by the harshness of the punishment for relatively minor offenses and the humane tendencies of the court to fix on any flaw in the indictment to protect persons convicted of crime from such harshness. 37 Am. Jur. 675.

The common-law rule is set forth in the syllabus of the case of Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, as follows:

"When this indictment is filed with the court, no change can be made in the body of the instrument by order of the court, or by the prosecuting attorney, without a resubmission of the case to the grand jury. And the fact that the court may deem the change immaterial, as striking out of surplus words, makes no difference. The instrument, as thus changed, is no longer the indictment of the grand jury which presented it.

This was the doctrine of the English courts under the common law. It is the uniform ruling of the American courts, except where statutes prescribe a different rule. * * *"

Most of the states have by statute provided that the courts may make amendments to the indictment where the amendments are in matters of form or to correct mere irregularities and do not go to matters of substance.

In Oklahoma it is provided by statute, section 2892, O. S. 1931, 22 Okla. St. Ann. § 410, as follows:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

This statute was copied from the laws of the Territory of Dakota and has been a part of our law since its adoption by the Oklahoma Territorial Legislature in 1890.

This statute was construed in the early case of Smith v. Territory of Oklahoma, 14 Okla. 162, 77 P. 187, where it was held:

"Where an indictment is sufficient in all other respects, a mere clerical error or mistake in the spelling or use of a word does not render the indictment invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

Most of the prosecutions for crimes in Oklahoma are through informations filed by the county attorneys. This court has been very liberal in the allowance of amendments to be made to informations, either before or after the trial commences. Section 2830, O. S. 1931, 22 Okla. St. Ann. § 304, makes provision for such procedure.

The identical question now presented has never been before this court for determination and is one of first impression.

Neither the petitioner nor the state have briefed this case, nor have they presented any authority to sustain either of their positions.

In the case of State v. Brooks, 85 Iowa, 366, 52 N. W. 240, 241, the court held that under a provision of their Code, which provides that on appeal the court must, without regard to technical errors not affecting substantial rights, render judgment, where, by a clerical error, an indictment charging defendant with larceny on a day in 1890, which was an impossible date, being at a time subsequent to the presentment of the indictment, that the conviction would not be disturbed for allowing an amendment after plea by placing the date in 1888. In the body of the opinion the court said:

"This being a mere clerical error, apparent upon the face of the indictment, the defendant was not prejudiced by allowing the correction."

In those states having statutes similar to ours, it has been held that the court may authorize the correction of an impossible date in an indictment at any time. For an annotation of the authorities sustaining this view, see 7 A. L. R. 1531.

In the case of Star v. State, 9 Okla. Cr. 210, 131 P. 542, 543, the question arose as to an alleged defect in the indictment concerning the omission in the indictment of the year in which the offense was alleged to have been committed. The court cited the statute hereinabove set forth, section 2892, O. S. 1931, 22 Okla. St. Ann. § 410, as sufficient authority to uphold the indictment.

In the body of the opinion, the following language was used:

"The contention of counsel for appellant is that time and place should not merely be mentioned at the beginning of the indictment, but should be repeated at each issuable and triable fact. They cite a number of authorities sustaining this contention. There can be no question but that this was the ancient rule, but the conditions which

brought this rule into existence have long since passed away and ceased to exist. Originally defendants were not allowed to be represented by counsel or to testify in their own behalf. Neither were they allowed to summon witnesses and place them upon the stand for the purpose of explaining or contradicting testimony for the prosecution. It was deemed derogatory to the crown to permit the witnesses in its behalf to be contradicted. The injustice of these laws was so manifest that the trial judges, in order to mitigate the hardships of the law, invented and built up an artificial technical system for the protection of men charged with crime, who otherwise would be at the mercy of the prosecution. But this condition, as before stated, no longer exists, and the technical system which was built up solely for the purpose of mitigating the rigors of the law should also cease to exist. Even if this did not result from common sense and justice; our statute in express terms repeals the artificial rules of pleading established by the common law."

We come then to the determination of the question as to whether the amendment was of a mere formal nature or one of substance which materially prejudiced the substantial rights of the defendant. It is conceded that the defendant was charged with this identical offense by preliminary complaint at which the exact date was shown. The insertion of the impossible date was merely a typographical error by the stenographer who prepared the indictment. The defendant knew all of the time, from the date of the preliminary complaint to the date of the beginning of the trial, that he was being charged with the offense of receiving certain personal property therein named, which belonged to one Otis Fall, on December 26, 1938.

It is apparent that the amendment occasioned no surprise to the defendant, and cannot be said to have prejudiced his substantial rights. However, the question as to whether a certain action by the court in the trial of a case

is prejudicial to the substantial rights of a defendant cannot be determined in a habeas corpus proceeding.

This court in a habeas corpus proceeding will only go into the question as to whether or not the court had jurisdiction to render the particular judgment which was rendered.

Habeas corpus cannot be substituted for an appeal; and in order for the writ to be granted, the alleged illegality or irregularity must be sufficient to render the proceedings absolutely void.

In view of the statute above quoted and in consideration of the authorities herein above cited, we hold that the court did have jurisdiction to correct an impossible date in the nature of a clerical defect in the indictment, where time is not an essential ingredient of the offense charged; and the petition for a writ of habeas corpus will accordingly be denied.

It is so ordered.

DOYLE, P. J., and BAREFOOT, J., concur.