# In re CLARENCE CARPENTER.

No. A-10579.   March 14, 1945.

(157 P. 2d 231.)

Robert O. Swimmer, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus to secure the release of the petitioner, Clarence Carpenter, from confinement in the State Penitentiary. It is a companion case to the case of Ex parte Hazel, 80 Okla. Cr. 66, 157 P. 2d 225.

The facts in connection with the instant case are fully related in Ex parte Hazel, supra. The verified petition herein is based upon the same allegations as set forth in the petition of Hazel. Our conclusions in that case apply with equal force to the determination of this case. Both cases were presented on the same record and were consolidated for the purpose of argument.

There is one difference which would appeal to this court if we were sitting as a clemency board. The facts in connection with the petitioner, Clarence Carpenter, in so far as his participation in the actual robbery is concerned, are much more favorable to him than were the facts in re-

gard to the part played by the petitioner Hazel. The facts presented in this connection, however, are not questions which pertain to the jurisdiction of the district court of Comanche county to pronounce judgment on the plea of guilty. They are matters which would have been given serious consideration by this court if an appeal had been taken and the question of modification of the sentence had arisen. Because of the former background of the petitioner Carpenter and the small part played by him in the robbery, the sentence might have been modified on appeal. If the facts were as related by Carpenter and Hazel, it is very questionable as to whether Carpenter was guilty of the crime of robbery. We are, of course, not passing on this question as it is not one of the matters properly before the court in a habeas corpus proceeding.

We feel it our duty, however, to mention them so that the petitioner Carpenter would not feel foreclosed, if he so desired, from presenting his application for clemency to the proper authorities.

The writ of habeas corpus is denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.