## Ex parte JESS LEROY JONES.

No. A-10557.    April 11, 1945.

(157 P. 2d 916.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.  This is an original proceeding in habeas corpus instituted by the petitioner, Jess Leroy Jones, to secure his release from confinement in the State Penitentiary.

The verified petition filed herein alleges that on January 29, 1941, the petitioner entered a plea of guilty in the district court of Stephens county to the charge of robbery with firearms and was sentenced to serve a term of 50 years in the State Penitentiary; that defendant was young and inexperienced in criminal proceedings and wholly ignorant of his statutory and constitutional rights; that he made only one appearance before said district court and that was on the 29th day of January, 1941, when the information was read to him; that petitioner had no attorney and had no funds with which to pay an attorney and was not advised by the court that he was entitled to counsel at the expense of the state if he so desired; that defendant was not advised of his statutory right of 24 hours in which to plead, but that said court demanded that petitioner immediately enter his plea; that after petitioner entered his plea of guilty, the court immediately pronounced sentence without fixing a time for pronouncing sentence 48 hours after the plea was entered and without the petitioner waiving his right to have a time fixed for pronouncing sentence in less than 48 hours after the plea was entered.

The warden of the State Penitentiary filed a response in which he denied the allegations of the petition except the allegation that he was holding the petitioner under a commitment of the district court of Stephens county, whereby said petitioner was committed to said penitentiary for a term of 50 years for the crime of robbery with firearms; the response further alleges that petitioner is not young and inexperienced but that he is now serving his sixth term in the State Penitentiary pursuant to a conviction for a felony.

The response further alleges that the petitioner was

duly charged by complaint filed in the county court of Stephens county on December 24, 1940, and a preliminary hearing set for December 30, 1940; that on December 30, the defendant, after being fully advised by the county judge of all his rights, including his rights to counsel and to a preliminary hearing, stated that he did not desire counsel and waived a preliminary hearing; that an information was filed in the district court on January 17, 1941; that defendant appeared in the district court for arraignment on January 29, 1941; that he was advised of all his statutory and constitutional rights, including his right to counsel, right to trial by jury, and right to have additional time in which to enter his plea; that defendant stated that he desired to waive his right to counsel and time to plead and enter a plea of guilty and further waived time for pronouncement of judgment and sentence and was thereupon sentenced by the district court to serve 50 years for the crime of robbery with firearms.

Attached to the response was an affidavit by the district judge, copy of the transcript from the county court in connection with the preliminary proceedings, and a certified copy of the information and judgment and sentence pronounced in the district court.

A hearing was held before this court and the evidence fully sustains the allegations of the response. The record discloses that the petitioner has served time in the State Penitentiary upon conviction for grand larceny, theft of an automobile, for an assault with a dangerous weapon, burglary in the second degree, and for forgery. His varied criminal career started with his first conviction in 1928. With such a background, it could hardly

be said that the petitioner was young and inexperienced in criminal procedure.

It is evident that petitioner misled his counsel in furnishing him information upon which the petition was based. Under the record as presented to this court, there is no evidence to show that the judgment and sentence rendered against defendant is void, and a writ of habeas corpus is accordingly denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.