## Ex parte STERLING MILLS.

No. A-10648. Oct. 3, 1945.

(162 P. 2d 334.)

Sterling Mills, per se.

Randell S. Cobb, Atty. Gen., and E. J. Broaddus, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action by the petitioner, Sterling Mills, to secure his release from confinement in the State Penitentiary.

The petition alleges that the petitioner and one Leroy Phares were jointly charged in the district court of Custer county, with the crime of burglary in the second degree; that they had jointly with one Gilbert Herber committed the crime of burglary, but that the said Gilbert Herber was a decoy on leave from the State Penitentiary, who had been secured by certain peace officers to entrap the petitioner and Leroy Phares; that the said Gilbert Herber proposed the burglary and planned all steps that were taken in the execution of the crime.

That because the participation of petitioner in said crime was by reason of entrapment on the part of the officers, that he should be released from confinement in the State Penitentiary.

Attached to the petition is a certified copy of a transcript of the testimony taken before the district judge of Custer county at a hearing on a motion to quash the information filed by counsel for defendant, in which motion the issue of entrapment was raised. This transcript shows that testimony was taken on said issue of entrapment and, after the hearing, the trial court overruled the motion. After the motion to quash the information had been overruled, the petitioner Mills and his codefendant Phares entered their respective pleas of guilty to the charge of burglary, as alleged in the information, and the trial court sentenced each of the said defendants to serve a term of three years imprisonment in the State Penitentiary.

The writ of habeas corpus will not issue if the trial court has jurisdiction of the person and crime charged and does not exceed its authority in passing sentence. Ex parte Hinley 79 Okla. Cr. 382, 155 P. 2d 265; In re Hazel, 80 Okla. Cr. 66, 157 P. 2d 225.

The plea of entrapment interposed by the defendants raised an issue of fact which the trial court decided adversely to them. This issue could have been presented to the jury as a defense and an appeal taken to this court if a verdict of guilty had been returned upon a trial of the issue alleged in the information. The petitioner, however, did not choose to go to trial on the information, but entered his plea of guilty. His plea of guilty waived any right the petitioner might have had to raise the issue of entrapment and was an admission that he was guilty of the crime charged.

There is nothing in the petition and the record before this court to show that the trial court was without jurisdiction to pronounce sentence upon the plea of guilty. The writ of habeas corpus is accordingly denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.