# In re W. J. MILLER.

No. A-10707.    May 1, 1946.

(168 P. 2d 897.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the Warden, respondent.

BAREFOOT, J.    Petitioner, W. J. Miller, filed in this court his petition for habeas corpus on January 7, 1946. He alleged that he is serving a sentence in the State Penitentiary at McAlester by reason of a judgment and sentence entered in the district court of McClain county on December 29, 1927, at which time he was charged by information with the crime of robbery by the use of firearms. Attached to the petition is a certified copy of the information, the judgment and sentence, and a copy of the criminal appearance docket of McClain county, in the case of State of Oklahoma v. W. J. Miller, L. M. Miller and L. C. Cruce, No. 1929.

It is alleged in the petition that the judgment and sentence under which petitioner is serving in the Penitentiary is void for the reason that he was sentenced upon a plea of guilty without being informed of his right to counsel, and of being sentenced within two days from

the time he was arrested, being sentenced on the same day the information was filed against him. It is also alleged that he "was confined in the county jail without bail and had no opportunity to talk with an attorney or any other person than the county attorney, the sheriff and deputy sheriff."

A response was filed by the Attorney General on behalf of the warden of the Penitentiary, which contains the following:

"That he denies each and every material allegation in said petition contained, except that respondent holds custody of petitioner by virtue of the judgment and sentence of the district court of McClain County, Oklahoma, duly pronounced by said court on the 29th day of December, 1927, upon a plea of guilty by said petitioner, which judgment and sentence respondent alleges to be regular and legal in all respects.

"Respondent further shows to the court that this petitioner has waited for 18 years to pass before attempting to question the regularity of his sentence; that he has waited until the county attorney and the sheriff who were acquainted with the facts are dead and the recollection of such others that might have had knowledge of the facts has grown dim, and he now asks this court to release him by habeas corpus upon the basis of his willingness to swear to the statements of a petition, some of which at least are plainly untrue and others plainly absurd in view of his alleged claim of ignorance and inexperience and lack of comprehension of the proceedings. On the first page of his petition he swears that he was sentenced 'just two days after his arrest.' In the Chaplain's statement, made after his sentence and incarceration, he stated that he had been held in jail seven days before trial and four days after. The four days were due to the fact that he was sentenced on December 29, 1927, but was not committed to the penitentiary until January 3, 1928."

No evidence was introduced by petitioner to sustain the allegations of his petition. The burden of proof was upon him. The exhibits attached to his petition are somewhat in conflict with the allegations of his petition. It is revealed by these exhibits, the judgment and sentence and the criminal appearance docket, that he was advised of his rights, and that he entered a plea of guilty and waived time to plead. Petitioner alleges that he had never had any experience in court procedure, and was unversed in law, uneducated and unable to understand the court proceedings and was wholly ignorant of his statutory and constitutional rights. The allegations of the response filed by the Attorney General show that petitioner was 27 years of age at the time he and his brother and L. C. Cruce robbed the Byers State Bank by the use of firearms. That on August 6, 1937, he was granted a parole. That in 1940 he and some companions committed grand larceny in Payne county, and he was tried and given four years in the penitentiary. That he has completed his sentence and is being held by reason of the revocation of the parole of the McClain county sentence.

As above stated, there was no proof offered as to his education and experience at the time he was sentenced in the McClain county case, but the above statement indicates that he had not been much reformed at the time of his release on parole.

For the reasons above stated, the petition for habeas corpus is denied.

JONES, P. J., concurs. DOYLE, J., not participating.