## Ex parte BEN B. GEE.

No. A-10851.  July 30, 1947.

(183 P. 2d 603.)

Ben B. Gee, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J.   This is an original action in habeas corpus instituted by the petitioner, Ben B. Gee, for the purpose of securing his release from confinement in the State Penitentiary. The cause was submitted upon the demurrer to the petition filed by the Attorney General on behalf of the warden of the State Penitentiary.

The verified petition alleges that the petitioner was sentenced to serve three years in the State Penitentiary by the district court of McIntosh county on January 25, 1947, upon a plea of guilty to the crime of obtaining money under false pretense.

The petition contains a lengthy narrative detailing the age, size of family of petitioner, his former good reputation, and that he had borrowed the money involved in the alleged crime from the bank in good faith. The allegations of the petition are such that, if true, would justify the Governor in issuing executive clemency, but

they are not sufficient to authorize this court to interfere by habeas corpus.

It is well settled that the Criminal Court of Appeals will not pass upon the question of the sufficiency of the evidence in a habeas corpus proceeding, but will limit their inquiry to the question as to whether the court which rendered the judgment was without jurisdiction. Ex parte Cameron, 78 Okla. Cr. 42, 143 P. 2d 164.

In Ex parte Wheeler et al., 65 Okla. Cr. 290, 85 P. 2d 434, it is stated: "The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law."

There being no allegations set forth in the petition from which this court could determine the judgment pronounced against the petitioner is void, or that petitioner is restrained of his liberty without due process of law, it follows that the demurrer of the respondent should be sustained, and that the petition for habeas corpus should be denied.

It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.