## Ex parte HARVEY LEE.

No. A-11100. Oct. 27, 1948.

(198 P. 2d 1005.)

Harvey Lee, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus brought by petitioner Harvey Lee, seeking to effect his release from the penitentiary at McAlester, Okla.   In his verified petition he alleges that he is being unlawfully restrained of his liberty by C. P. Burford, warden of the penitentiary.   Furthermore, he alleges he was not guilty of the theft of the cow with which he was charged.   Furthermore, he says he was denied due process in that he was not accorded his constitutional

right to aid of counsel. He says that at the time of said denial he was only 20 years of age. He further alleges it was represented to him by the county attorney that he probably would get 15 years if he did not plead guilty, but if he pleaded guilty the county attorney would see that he got only three years. He says that he believed the county attorney had the power so to do, and that was the motivation which prompted him to enter his plea of guilty. He complains that instead of getting three years he got five years. Petitioner offered no other proof than his verified petition. In opposition thereto, a certified copy of the court minutes discloses the following proceedings were had in the case:

"Feb. 28, 1947. State appears by its County Attorney Charles W. Allen, Jr. Defendant appears in person and is arraigned in open court. Information read. Defendant requests time to have his attorney present. Court grants extension of time and Defendant is again committed to the care of the Sheriff with bond set at the sum of $3000.00.

"Mar. 14, 1947. State appears by its County Attorney, Charles W. Allen, Jr. Defendant having previously been granted 24 hours in which to plead appears in open court in person and enters a plea of 'not guilty'. Defendant is again committed to care of Sheriff and bond is reduced to sum of $2000.00.

"April 25, 1947. State present by its County Attorney, Charles W. Allen, Jr. Defendant present in person and arraigned in open Court and having heretofore been informed of his constitutional rights, he waived further time to plead and entered his plea of 'guilty'. It is judgment and sentence of the Court that the Defendant is guilty of the crime of larceny of domestic animals and that he be imprisoned in the State Penitentiary at McAlester for a period of 5 years from date of delivery to the warden. Defendant was notified of his right of appeal to Criminal Court of Appeals.

"April 25, 1947. Judgment and Sentence. * * *"

Moreover, the record before us discloses that petitioner was not without prior courtroom experience; that though he was only 20 years of age at the time the judgment and sentence herein was entered, he had formerly been convicted in the district court of Lincoln county, Okla., in March, 1945, of the crime of second degree forgery, and was given a suspended sentence of two years therefor. Upon this record petitioner asks to be released on writ of habeas corpus.

As to the guilt or innocence of petitioner, this court has repeatedly held that proceedings in habeas corpus cannot be used as a substitute for an appeal. See Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Ex parte Williams, 70 Okla. Cr. 377, 106 P. 2d 524; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41; Ex parte Pennington, 71 Okla. Cr. 263, 110 P. 2d 923; 39 C. J. S. 489, Note 26, citing numerous authorities from this and other courts so holding. In the light of the foregoing authorities the question of guilt or innocence cannot be considered in this proceeding, and the petitioner's contention in relation thereto is without merit herein.

Furthermore, we have repeatedly held that inquiry in habeas corpus is limited to the question of whether the court in which the prisoner was convicted and sentenced had jurisdiction of the person of the defendant, and of the crime charged, and did the court have jurisdiction to render the particular judgment. Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P..2d 550; Ex parte Matthews, supra. The record discloses that the court had jurisdiction of the petitioner's person, and of the subject matter, and had jurisdiction to render the judgment and sentence herein

involved. In Ex parte Barrett, 75 Okla. Cr. 414, 132 P. 2d 657, we said:

"Where the record does not reveal that the judgment and sentence by reason of which a defendant is serving a term in the penitentiary was rendered by a court that did not have jurisdiction, and that the judgment and sentence is void, petitioner will not be released by habeas corpus."

The foregoing being true, the case as based upon the allegations of the petition and the court minutes and the record before us resolves itself into the question: Did the court lose jurisdiction to pronounce the judgment and sentence because it did not appoint counsel to represent petitioner? In Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, it was said:

"Where (accused) * * * has (been) fully advised as to his constitutional and statutory rights and as to the consequences of his plea and * * * with such knowledge, he deliberately enters his plea of guilty, the trial court is justified in accepting it even in a capital case."

This rule was modified as applied to minors in Ex parte Cornell, 87 Okla. Cr. 6, 193 P. 2d 904, but as applied to the case at bar, therein it was said:

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable. * * *

"Where the accused is young, illiterate, and inexperienced in court proceedings, and charged with felony, the

court should proceed with caution. The caution to be exercised depends upon the age and experience of the accused and the gravity of the offense charged."

The record herein discloses that the petitioner, though only 20 years of age, had prior experience in court proceedings. The minutes disclose that he apparently had counsel, and requested time for him to appear before entering his plea, which time he was given, approximately 15 days. It further discloses that thereafter he entered his plea of not guilty; that 40 days later the petitioner apparently appeared in court, having been advised of his constitutional rights, withdrew his plea of not guilty and entered a plea of guilty, and was thereupon sentenced. The minutes disclose that he was advised of his right to appeal. In Ex parte Matthews, supra, we said:

"Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed.

"As against a collateral attack the judgment is valid unless the contrary appears in the record and omissions in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on writ of habeas corpus."

As we said in the Matthews case, supra, as against a collateral attack, the judgment is valid unless the contrary appears in the record. The invalidity of the judgment and sentence herein does not appear in the record. Under such conditions the burden is upon the petitioner to sustain the allegations of his petition by showing that the court failed to preserve some of his constitutional or statutory rights. Ex parte Matthews, supra; Ex parte Seale, 75 Okla. Cr. 183, 129 P. 2d 862. In this connection the proof herein is based entirely upon the

allegations contained in the petitioner's verified petition without any supporting proof. In Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613, and Ex parte Matthews, supra, we have held that the burden is upon the petitioner to sustain the allegations thereof. And in Ex parte Motley, supra, we held that public policy will not permit the petitioner in a habeas corpus proceeding to supply the missing links (if any) by his testimony standing alone. Therein we have said that his release must be based on something more substantial, and in any event his testimony should be corroborated by clear and convincing proof. Such proof is entirely lacking in the instant proceeding. In the light of petitioner's prior experience and the conduct of the court as revealed by the minutes, we are of the opinion that petitioner was not denied any of his constitutional or statutory rights, but was accorded them at every stage of the proceeding, and the writ of habeas corpus is therefore denied.

BAREFOOT, P. J., and JONES, J., concur.