Benny **PEOPLES**, Petitioner,

v.

**H. C. McLEOD**, Warden Oklahoma State Penitentiary, Respondent.

No. A–12398.

Criminal Court of Appeals of Oklahoma.

Jan. 9, 1957.

Benny Peoples, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Benny Peoples now serving a sentence in the State Penitentiary at McAlester after conviction and sentence in the District Court of Comanche County on a charge of burglary in the second degree, after former conviction of a felony, and where he was sentenced to serve a term of 15 years, has filed in this court a petition for writ of habeas corpus.

We will note at this point that from the conviction in question petitioner perfected an appeal to this court, which resulted in the judgment and sentence of the trial court being affirmed. See Peoples v. State, Okl.Cr., 270 P.2d 380 (April, 1954).

A response to the petition has been filed by the Warden of the Oklahoma State Penitentiary, supported by a brief of the Attorney General of Oklahoma.

There is a basic proposition that should be noted as we commence a consideration of the petition now before us. It was stated in DeWolf v. State, 96 Okl.Cr. 382, 256 P.2d 191, certiorari denied DeWolf v. Waters, 73 S.Ct. 871, 345 U.S. 953, 97 L.Ed. 1375, as follows:

"Where convicted person has appealed and his conviction has been determined adversely to him, he may not retry the issues again by habeas corpus."

The sole question in habeas corpus is whether the court pronouncing judgment had jurisdiction. The matter of the guilt or innocence of petitioner is not a matter that may be inquired into by habeas corpus.

As said in the early case of In re McNaught, 1 Okl.Cr. 528, 99 P. 241:

"The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And did the court in the course of the proceedings which resulted in the judgment exceed its jurisdiction?"

And see Ex parte Mills, 81 Okl.Cr. 200, 162 P.2d 334, where we said:

"One imprisoned in the State Penitentiary will not be released upon habeas corpus unless the judgment and sentence under which he is serving is void."

See, also: Ex parte Patman, 1 Okl.Cr. 141, 95 P. 622; Ex parte Gee, 84 Okl.Cr. 439, 183 P.2d 603; Ex parte Wilkins, 7

Okl.Cr. 422, 115 P. 1118; Ex parte Williams, 70 Okl.Cr. 377, 106 P.2d 524; In re Carpenter, 80 Okl.Cr. 78, 157 P.2d 231; Ex parte Critser, 87 Okl.Cr. 380, 198 P.2d 228; Tartar v. Burford, 93 Okl.Cr. 281, 227 P.2d 422; Ex parte Paul, 93 Okl.Cr. 300, 227 P.2d 422, certiorari denied Paul v. Burford, 71 S.Ct. 738, 341 U.S. 922, 95 L.Ed. 1355.

It is contended by petitioner that in his trial (the case reported in 270 P.2d 380, 381 supra) in the district court of Comanche County, more than one offense was presented to the jury and thus a substantial right was violated. It will be noted from the reported case, third paragraph of the syllabus, it is stated:

"Proof of defendant's escape from jail and attempted flight was competent evidence against the accused tending to show consciousness of guilt."

Petitioner also alleges misconduct of the prosecuting attorney during the trial of his case. This was a matter, if true, for presentation in the appeal. An examination of the authorities that we have cited above will disclose that errors and irregularities, not bearing on the jurisdiction of the trial court, may not be reviewed on habeas corpus.

Complaint is made as to the sufficiency of the information which charged petitioner with burglary, a second and subsequent offense. A certified copy of the information is attached to the response. We would point out that 21 O.S.1951 §§ 51 through 54, authorize the filing of a formal charge which includes a prior conviction and charges a crime as a second and subsequent offense.

This court gave thorough consideration to the record presented in the appeal mentioned, and we will not further consider matters which properly should have been considered in that case. Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242.

The application for a writ of habeas corpus is Denied.

JONES, P. J., and BRETT, J., concur.