David RODEN, No. 60622, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13033.

Court of Criminal Appeals of Oklahoma.
May 10, 1961.

David Roden, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This original proceeding in habeas corpus was instituted by the petitioner, David Roden, to secure his release from confinement in the state penitentiary.

The petition was prepared by the petitioner himself, and without the assistance of an attorney. After a consideration of the petition, and because of our desire to liberally construe any petition for writ of habeas corpus in order to determine whether a person may be illegally confined, a rule to show cause was issued, and a response has been filed on behalf of the Warden by the Attorney General.

On March 7, 1958 David Roden entered a plea of guilty in the district court of McCurtain County to the crime of robbery with a dangerous weapon, case No. 3601, and was sentenced to serve a term of five years imprisonment in the state penitentiary. At the same time and place, the said David Roden entered a plea of guilty in case No. 3602 to a charge of assault and battery with a dangerous and deadly weapon with intent to kill, and was sentenced by the court to serve a term of five years imprisonment in the state penitentiary, said terms of imprisonment to run consecutively, and not concurrently.

In his petition for release by habeas corpus, petitioner alleges that the judgments and sentences pronounced in the cases here-

inbefore named were void for the reason that the pleas were not voluntarily entered, but said pleas were made because of coercion by the sheriff of McCurtain County, alleging: "That said pleas of guilty were entered to charges only because the said sheriff told petitioner if he plead guilty he could remain in the local jail after judgment and continue to have the care of a physician until gangrene no longer threatened. * * Petitioner entered a plea of guilty and stood judgment on said charges, and requested the court to stipulate that the promises made by the sheriff be adhered to, and it was so stipulated by the court."

█ On this proposition we do not see that petitioner has any ground for complaint since he admits in his petition that he entered pleas of guilty on the promise of the sheriff that he might remain in the county jail of McCurtain County for treatment, and says: "It was so stipulated by the court."

█ Petitioner next complains that the court rendered judgment without advising petitioner of his constitutional rights, and failed to appoint counsel to safeguard the same, when petitioner had not waived counsel.

The response of the Warden has attached thereto photostatic copies of the two judgments and sentences and also copy of petitioner's prison record. No mention of counsel is made in the judgment and sentence in case No. 3601, but in case No. 3602 the judgment on its face shows that defendant waived counsel. The prison record shows that this is petitioner's sixth term in the penitentiary. It follows that petitioner was not inexperienced in court procedure, and it must be assumed that he was not unfamiliar with his constitutional rights, or rights of those charged in criminal actions.

██ We have held many times that it is fundamental that where a petition for writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof, and every presumption favors the regularity of the proceedings had in the trial court. The petitioner has not sustained the burden of establishing that his pleas of guilty were not voluntarily entered, or that his right to be represented by counsel was violated. As we have repeatedly said, each case must stand on its particular facts, including the background, experience and conduct of the accused. Based on this premise, we can only conclude that the pleas of guilty were not only voluntarily but intelligently made. Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587 and cases cited.

█ Furthermore, we have repeatedly held that inquiry in habeas corpus is limited to the question of whether the court in which the prisoner was convicted and sentenced had jurisdiction of the person of the defendant and of the crime charged, and jurisdiction to render the particular judgment. Ex parte Lee, 87 Okl.Cr. 427, 198 P.2d 1005, and cases cited.

Under the record before us, it is apparent that the petitioner has not sustained the burden of proving the allegations of his petition; that the district court of McCurtain County had jurisdiction of the subject matter and of the charges against the petitioner, jurisdiction of the person of the defendant, and authority under the law to pronounce the judgments and sentences rendered.

The petition for writ of habeas corpus is therefore denied.

NIX, P. J., and BUSSEY, J., concur.