# Ex parte A. B. C. DAVIS.

No. A-9752.   Oct. 19, 1939.
(95 P. 2d 915.)

A. B. C. Davis, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

PER CURIAM.   The petitioner, A. B. C. Davis, filed his petition for a writ of habeas corpus in this court by mail, wherein it is alleged that he is unlawfully imprisoned and detained in the state penitentiary at McAlester, by respondent, Jess F. Dunn, under a commitment issued out of the district court of Oklahoma county, upon a judgment rendered in said court upon a verdict finding said petitioner guilty of the crime of murder.

It is further alleged that:

"The said imprisonment, detention, confinement, and restraint are illegal; and the illegality thereof consists in this to wit.

"The Ku-Klux-Klan practiced a fraud on this petitioner, the court, and society. I cite their own evidence as evidence.

"I obtained a part of the printed evidence adduced in a Military Court in Oklahoma City, in the fall of 1923, when Governor Walton secured the membership roaster of the Klan, and compelled some three hundred of its members to testify under oath. I obtained this printed evidence at the Historical Society, State Capitol, and filed it with the pardon and parole attorney. Following is in substance, their testimony.

"Old Dr. Davis was railroaded to the penitentiary by the Klan, his witnesses were driven from the courthouse and threatened with being beaten to death, women testified against the old doctor so heavily veiled that no one could tell who they were. Fightmaster was jury commissioner and put no names in the jury box for juries to be drawn from in the spring term of court but Klansmen, the Klan passed a resolution in their conclave to convict each and every one that the county attorney filed charges against so he could be elected a district judge, all the judges, all the justices of the peace, the county attorney and all his deputies, the sheriff and all his deputies were Klansmen (because some judges had dismissed prospective juries for 'cause' when their membership in the Klan had been challenged during his qualifying quiz to serve, the Klan passed a resolution in their Conclave) that when a Klansman was summoned for jury services, the summons automatically suspended him from the Klan and when his services were over, he automatically became a member, again."

"This was done so he could deny being a Klansman and be eligible as a juryman. This printed court record is all I shall file in the face of this request for a hearing in this writ of habeas corpus but I shall attach in supplement, more evidence. I will state here, that Judge A. S. Wells was my trial judge, an acknowledged Klansman, but when he learned what the Klan was doing, he quit them, wrote to Governor Trapp. Then to each succeeding Governor down to and including Governor Murray, and

stated to them that he did not like the way I was tried and convicted, and since my conviction, he had talked with many physicians, read text books directly referring to my case, and had concluded that I was wrongfully convicted, and asked them to free me. Dr. J. T. Gray of Stillwater in answer to Governor Murray's inquiry of him, after giving him my brief to study, told Gov. Murray that 'He had an innocent man, doing life in the penitentiary, and advise him to free me.' So did Dr. E. P. Miles, of Hobart, do the same thing, and I did not know either of them, and have never seen either to this day.

"A. B. C. Davis M. D."

The Attorney General filed a demurrer to the petition, for the reason the same does not state facts sufficient to constitute a cause of action, or to entitle petitioner to the relief prayed for.

On the 3rd day of October the cause was submitted on the petition and the demurrer thereto.

It is well settled that where a prisoner in custody under a judgment of conviction and sentence seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of his person and of the crime charged; and, if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors.

This court takes judicial knowledge that following the conviction of petitioner for the crime of murder, and judgment rendered in the district court of Oklahoma county in pursuance of the verdict, said petitioner prosecuted an appeal to this court, and on February 4, 1925, said conviction was affirmed, and rehearing denied April 11, 1925. See A. B. C. Davis v. State, 30 Okla. Cr. 61, 234 P. 787.

Upon the record before us, we deem it sufficient to say that in our opinion the application is insufficient to

show that petitioner is entitled to the writ, or rule to show cause.

The demurrer thereto is therefore sustained; the writ denied and the cause dismissed.