Ex parte A. B. C. DAVIS.

No. A-10602. July 11, 1945.
(160 P. 2d 412.)

A. B. C. Davis, pro se.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

JONES, J.   This is an original action instituted for the purpose of securing the release of the petitioner. A. B. C. Davis, from imprisonment in the State Penitentiary at McAlester, where he is serving a sentence pronounced by the district court of Oklahoma county, upon a judgment rendered in said court upon a verdict of a jury finding the petitioner guilty of the crime of murder.

Some phase of this case has been before this court many times sinces the original opinion affirming the judgment of conviction.   Davis v. State, 30 Okla: Cr. 61, 234 P. 787; Ex parte Davis, 68 Okla. Cr. 29, 95 P. 2d 915; Ex parte Davis, 46 Okla: Cr. 117, 281 P. 1116; Ex

parte Davis, 55 Okla. Cr. 380, 31 P. 2d 623; Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300.

The facts alleged in the petition filed herein are almost identical with the facts alleged in the other petitions which were considered by this court and in which the petition for writ of habeas corpus was denied.

The Attorney General has filed a demurrer to the petition on behalf of the respondent.

The questions presented are questions which should have been presented on the appeal and are not questions which may be considered in a habeas corpus proceeding. Certain issues of fact are raised by the petition by which petitioner attempts to show that the jury which tried him was prejudiced against him and he was not given a fair trial.

Our jurisdiction in a proceeding in habeas corpus is limited to the question of whether the court in which the accused was convicted had jurisdiction over the person and of the crime charged; and, if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors. The demurrer to the petition is sustained and the writ of habeas corpus is denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.