## Ex parte HENRY E. GEORGE.

No. A-10744.   Oct. 9, 1946.

(173 P. 2d 454.)

Harold McArthur, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original action in habeas corpus instituted by the petitioner, Henry E. George, to secure his release from confinement in the State Penitentiary.

The verified petition filed herein alleges that on December 3, 1928, while the petitioner was a minor of the age of 20, he entered his plea of guilty in the district court of Tulsa county in cause No. 4572 to the crime of auto theft; that prior to the entry of said plea of guilty, the petitioner had been confined in the county jail since October 27, 1928. That petitioner was young and inexperienced in court and entered his plea of guilty after talking with the assistant county attorney. That by reason of his talk with the assistant county attorney, he was led to believe that if he would enter a plea of guilty he would get a bench parole, fine or jail sentence for joy-riding. That petitioner had no lawyer at the time he entered his plea of guilty. That pursuant to the plea of guilty, the petitioner was sentenced to serve five years' imprisonment in the State Reformatory at Granite, Oklahoma. That on June 6, 1930, while the petitioner was confined in the State Reformatory, he received a parole by the Governor of the State of Oklahoma.

That subsequently thereto the petitioner was sentenced by the district court of Tulsa county in case No. 11715 to serve two and a half years in the State Penitentiary from the date of his reception in said institution. (The offense for which said sentence was pronounced is not stated in petition.) That on April 5, 1946, the petitioner satisfied

the sentence of two and a half years in case No. 11715, but that the warden of the State Penitentiary refused to discharge and release your petitioner for the reason that the Governor of the State of Oklahoma had revoked the parole given to the petitioner from the sentence in the State Reformatory in case No. 4572, and directed that the petitioner be taken into custody to serve out the remainder of the said sentence, and that the warden of the State Penitentiary is now holding the petitioner pursuant to the transfer from the State Reformatory at Granite of the original judgment and sentence in case No. 4572 and because of the revocation of the parole in said cause.

The petitioner further stated that the judgment and sentence in case 4572 was void as being in violation of his constitutional right to have the benefit of counsel.

The rule to show cause was issued and a response has been filed by the warden of the State Penitentiary in which said response the warden admits that he is holding the petitioner as an inmate of the Oklahoma State Penitentiary pursuant to a commitment issued by the district court of Tulsa county on December 3, 1928, wherein the petitioner was sentenced to serve five years' imprisonment in the State Penitentiary for the crime of stealing an automobile.

The response further alleges that subsequent to the arrest of the petitioner, he was given a preliminary examination together with a codefendant on said charge of stealing an automobile, and that at said preliminary examination the petitioner was duly represented by counsel. That at the conclusion of said preliminary hearing, the petitioner was bound over to await the action of the district court, and his codefendant was held as a material witness against the petitioner. That subsequent thereto in open court the petitioner was duly arraigned on the information filed in

the district court, and after being fully informed of his constitutional rights and right to counsel, the petitioner waived his said rights, including his right to employ counsel, and entered his plea of guilty to the crime charged.

The respondent further alleged that all of the matters pleaded in the petition constitute a collateral attack upon the record and judgment of the said district court and are insufficient to constitute any grounds for the issuance of a writ of habeas corpus.

A transcript of the evidence taken in a hearing before the district court of Pittsburg county in an application there for a writ of habeas corpus was admitted in evidence.

There was also admitted in evidence all the various exhibits attached to the petition and the response. This evidence shows that on October 28, 1928, an information was filed in the common pleas court of Tulsa county charging the petitioner Henry E. George and one Ray Raymond with stealing an automobile. That the defendants were arraigned on October 30, 1928, pleas of not guilty were entered and their bond fixed at $4,000 each. The preliminary examination was set for November 8, 1928. Prior to the preliminary, the codefendant, Ray Raymond's bond was reduced to $500, and he was held as a material witness against the petitioner Henry E. George. The transcript of the record from the common pleas court shows that on November 8, 1928, the case was called for trial, both sides announced ready. Seven witnesses were sworn and examined on behalf of the state. The defendant Henry E. George demurred to the evidence of the state. The demurrer was overruled. No evidence was introduced on behalf of the said George, and he was ordered held for trial in the district court, and bond was fixed in the sum of $1,500. Ray

Raymond was ordered held as a material witness, but permitted to sign his own bond and was released.

The defendant's testimony as to what transpired when he was brought before the district court of Tulsa county for arraignment on December 3, 1928, is as follows:

"A. Well, I don't remember now whether they read the information or not. My name was called and I went up in front of him. He asked if I knew that I was charged with, I said 'Yes,' he said I was charged with stealing an automobile, he said, 'Are you guilty or not guilty', of course, I said 'Guilty' and he sentenced me right then to five years in Granite."

As to the promises allegedly made to the defendant to induce him to plead guilty, the defendant testified:

'Q. You said you had a conversation with Mr. Tom Watson, assistant county attorney, tell what it was? A. He came up to the jail and wanted to know if there was anybody who wanted to plead guilty. Of course, there were several boys pleaded guilty, and I told him it was the first trouble I was ever in, and he more or less led me to believe I was to get a bench parole or it wouldn't be very much to it. The fact of the matter is I thought I would get maybe a fine, a jail sentence, or a parole."

The proof further shows that subsequent to the parole of the petitioner on June 8, 1930, he has served six separate penitentiary terms. It is also shown that the assistant county attorney, with whom the defendant allegedly had the conversation, is now deceased.

The judgment and sentence filed against the petitioner is regular on its face. The burden is upon the petitioner in making this attack upon the judgment to show lack of jurisdiction in the trial court to pronounce the judgment and sentence.

We have held that the trial court may lose jurisdiction to pronounce judgment by failure to complete the court by appointing counsel to represent the accused where the accused has not effectively waived his constitutional right to the assistance of counsel. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 146.

It has also been held that:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law.' "Ex parte Meadows, supra.

Courts do not look with favor upon a case where a person acquiesces in a sentence pronounced against him for a long period of time and then seeks to have the judgment, regular on its face, set aside by asserting that his constitutional rights were denied him in the proceedings before the trial court, especially where the proof consists wholly of testimony of petitioner.

The minutes of the common pleas court show that the defendant was represented by counsel at the preliminary examination. Although the petitioner denies that such was the fact, this court is inclined to give more weight to the written record made and filed in said cause at the time the examination was held than the oral testimony of the petitioner made approximately 18 years subsequent thereto.

The petitioner has not sustained the burden of showing that the proceedings before the district court of Tulsa county were so irregular as to deprive the court of jurisdiction to render the particular judgment. The petitioner

was held in jail for 30 days before he entered his plea of guilty. His codefendant and six other witnesses testified against him at the preliminary hearing. Upon the entry of his plea of guilty, the district court gave him the minimum sentence of five years' imprisonment in the State Reformatory. No complaint as to the alleged illegality of said judgment was ever raised until the defendant had served part of his original sentence, then was paroled, later committed crimes in various states and served six separate penitentiary sentences before being recommitted upon revocation of his parole to serve the balance of his five-year sentence. There is insufficient showing to justify the setting aside of the judgment upon the ground that the court was without jurisdiction to pronounce the same. The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.