## Ex parte HUNT.

No. A-11471.   Dec. 6, 1950.

(225 P. 2d 193.)

Auborn Hunt, pro se.

Mac Q. Williamson, Atty Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition in habeas corpus brought by Auborn Hunt against Clarence P. Burford, warden of the Oklahoma State Penitentiary. In his verified petition, the petitioner alleges in substance that he is being unlawfully restrained of his liberty by

Clarence P. Burford at the penitentiary of Oklahoma under an illegal judgment and sentence and commitment. He says said judgment and sentence under which he is being unlawfully restrained was entered on September 27, 1927, in the district court of Blaine county, Oklahoma, wherein he was charged with the crime of murder of Martin Mousetrial in case No. 1097-A. He alleges that the said judgment and sentence is unlawful in the following particulars: First, he says that at the time his plea of guilty was received he was a lad 19 years of age, ignorant and wholly inexperienced in legal procedure and that he was denied the aid of counsel. Under these conditions he says he was unable to determine whether the information pending against him was good or bad. Under these conditions he contends he was denied his constitutional right to aid of counsel. In this connection he offers no proof in support of the said allegations.

Next he contends that the trial court sentenced him to life imprisonment to be served in the Granite Reformatory at Granite, Oklahoma. He says in so sentencing him the court denied him due process of law under the statutes of the State of Oklahoma, §§ 105, 281, Title 57, O.S.A. 1941, which provisions of statute limited the sentence for which a convict could be confined in the reformatory to 5 years. To sustain this contention he relies on the statutes and Ex parte Neighbors, 85 Okla. Cr. 183, 187 P. 2d 276, so holding.

If the allegations as to petitioner's first contention that he was denied the aid of counsel were true we would be compelled to grant the writ. Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, 906, wherein it was said:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of immature youthfulness, igno-

rance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law. * * *

"Judgment and sentence for a term of life imprisonment in the State Penitentiary on a plea of guilty to murder by uneducated and inexperienced youth seventeen years of age, will be vacated and set aside where record discloses that upon day that information was filed against the accused in District Court, he was arraigned and entered his plea of guilty without counsel and no counsel was appointed to represent him."

See, also, Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595, 596, therein cited.

In connection with the petitioner's contention that he was denied the aid of counsel we caused to be procured the court minutes of the trial proceedings in this case. In the case of Ex parte Hampton, 87 Okla. Cr. 416, 198 P. 2d 751, 752, we said:

"Where a disputed question arises as to what occurred upon arraignment of one accused of crime great weight will be given to the recitations in the minutes of the court proceedings as to what occurred."

The petitioner's prior record and the minutes of the trial court proceedings had in Blaine county in the instant case do not bring the case within the foregoing rules. The facts in the case at bar, while disclosing petitioner was at the time of sentencing only 19 years of age, disclose that he was received at the Reformatory at Granite, Oklahoma, on February 1, 1926, for automoble theft, hence the proceeding herein complained of was not his first experience in legal procedure. Moreover, the facts as revealed by the court minutes show he was not denied the aid of counsel. In this case the court minutes of the district court of Blaine county, in

the case of State v. Auborn Hunt, No. 1097 Murder, disclose that on August 5, 1927, he was brought before the court for arraignment at which time he entered a plea of not guilty. Thereafter it appears, on September 5, 1927, Frank Cooper was appointed by the court to represent the defendant, and that the defendant Hunt was present in person in the courtroom at said time. Thereafter it appears from said court minutes that on September 19, 1927, after having had the aid of counsel for 2 weeks at the request of defendant, Hunt, his attorney F. M. Cooper was discharged by the court. On September 22, 1927, it appears that defendant, Hunt, was present in person, admitted his true name, and withdrew his plea of not guilty and entered a plea of guilty and sentence was thereafter pronounced on said plea of guilty. In Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613, 614, we said:

"Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed."

In Ex parte Seale, 75 Okla. Cr. 183, 129 P. 2d 862, we said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

Such is the situation herein as to petitioner's first contention. He has not only failed to sustain the burden of his allegations, but, to the contrary, it affirmatively appears that he was provided the aid of counsel.

As to the second contention, that he was sentenced to the Reformatory at Granite when he should have been

sentenced to the penitentiary at McAlester, it appears that he is now confined in the penitentiary as by law provided. In the case of Ex parte Hampton, supra, we were confronted with the identical question herein involved. Therein we said:

"In his second contention the petitioner alleges that the judgment and sentence is void since the court was without authority of law to sentence him to the reformatory at Granite, Oklahoma. This contention is predicated upon the provisions of [Title] 57 O.S.A. 1941 § 105, in effect that 'the trial judge shall sentence * * * to the State Penitentiary at McAlester, Oklahoma, * * * all persons whose term of confinement is for life', etc. This contention might have been made at the outset of the petitioner's incarceration while he was confined in the Reformatory at Granite, but under the state of his present confinement such contention is wholly without merit since petitioner is now confined at the penitentiary as by law provided. This holding is in keeping with the rule announced in Ex parte Combs, 87 Okla. Cr. 164, 195 P. 2d 772, 773, to the effect that:

" 'Custody and place of confinement is an administrative matter and not a judicial act'. And 'where in a habeas corpus proceeding it appears from the petition and the facts involved that the present custody and place of confinement of a person convicted of crime is according to law the writ will be denied.' " [87 Okla. Cr. 416, 198 P. 2d 754.]

Moreover, this petition falls within the rule announced in Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588, and Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, 841, wherein we said:

"The right to relief by habeas corpus may be lost by laches, when the petition for habeas corpus is delayed for a period of time so long that the minds of the trial judge and court attendants become clouded by time and uncertain as to what happened, or due to dislocation of

witnesses, the grim hand of death and the loss of records, the rights sought to be asserted have become mere matters of speculation, based upon faulty recollection, or figments of imagination, if not outright falsifications."

For all the above and foregoing reasons the petition for writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.