# SMITH v. WATERS, Warden.

No. A-11605. May 21, 1952.

(244 P. 2d 1150.)

W. L. Steger and James E. Douglas, Durant, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, J. This is an original action in habeas corpus instituted by the petitioner, Clyde Smith, to secure his release from confinement in the State Penitentiary.

The verified petition filed herein alleges that on July 15, 1940, the petitioner was taken into custody and confined in the county jail at Hugo, Oklahoma, until August 1, 1940, and he was then transferred to the county jail at Antlers, Pushmataha county. On August 6, 1940, and within a period of 30 minutes, a complaint was filed, warrant issued; preliminary hearing was waived, information filed, plea of guilty entered, and judgment of life imprisonment was pronounced upon petitioner, who was charged with murder; and that defendant was on the same day transferred to the penitentiary at McAlester.

The petition was filed in this court on July 2, 1951, and a rule to show cause was issued the same day, assigning the matter for hearing on July 18, 1851. On July 16, upon application of counsel for petitioner, the hearing was continued until July 25, 1951, at 10 o'clock in the forenoon. At that time no appearance was made on behalf of the petitioner. The matter was again assigned for hearing for November 14, 1951. No appearance was made in behalf of petitioner, and the matter was submitted on the record.

A response was filed by the Attorney General on behalf of the Warden, in which it is admitted that the Warden is holding the petitioner as an inmate of the Oklahoma State Penitentiary, pursuant to a commitment issued by the district court of Pushmataha county on August 6, 1940, wherein the petitioner was

sentenced to life imprisonment for the crime of murder. A copy of the judgment and sentence entered by the district court upon the plea of guilty by defendant, is attached to the response.

The respondent further alleges that by the allegations of the petition filed herein no jurisdictional matters are raised and that all material allegations presented by petitioner should have been urged by appeal and are not propositions that can be legally raised by application for writ of habeas corpus.

The judgment and sentence filed against the petitioner is regular on its face. The burden is upon the petitioner in making this attack upon the judgment to show lack of jurisdiction in the trial court to pronounce the judgment and sentence, and where this is not attempted, the petition will be denied. Ex parte George, 83 Okla. Cr. 99, 173 P. 2d 454; Ex parte Walters, 91 Okla. Cr. 1, 221 P. 2d 659; Ex parte Lewis, 92 Okla. Cr. 334, 223 P. 2d 143.

This court does not look with favor upon a case where a person acquiesces in a sentence pronounced against him on a plea of guilty to a charge of murder for a period of practically eleven years, and then seeks to have the judgment, regular on its face, set aside by asserting that his constitutional rights were denied him in the proceedings before the trial court, especially where no proof is offered in support of his petition.

The petitioner has not sustained the burden of showing that the proceedings before the district court of Pushmataha county were so irregular as to deprive the court of jurisdiction to render the particular judgment. The petitioner was held in jail for more than twenty days before he entered his plea of guilty. No complaint as to the alleged illegality of said judgment was ever raised until the defendant had served practically eleven years of his sentence. There is insufficient showing to justify the setting aside of the judgment upon the ground that the court was without jurisdiction to pronounce the same.

The writ of habeas corpus is denied.

BRETT, P. J., and JONES, J., concur.