**In the Matter of the Habeas Corpus of J. E. BURKE, Petitioner.**

**No. A–12540.**

Criminal Court of Appeals of Oklahoma.

April 2, 1958.

J. E. Burke, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in habeas corpus brought by petitioner, J. E. Burke. Petitioner alleges that he is being unlawfully restrained of his liberty by H. C. McLeod, Warden of the State Penitentiary at McAlester, Oklahoma. His confinement in said penitentiary is by virtue of a judgment and sentence of the District Court of Haskell County. The judgment and sentence are the result of a conviction in said court for the crime of Robbery, First Degree, for which the petitioner was sentenced to 25 years in the State Penitentiary. The petitioner sets forth numerous propositions upon which he bases his right to release.

From a review of the petition in said cause it is somewhat difficult to ascertain the exact contention of the applicant. However, recognizing that in many instances the petitioner is handicapped in preparing his petition for a writ without benefit of counsel, your court has given careful study to the proposition stated as follows:

"Your petitioner was removed from confinement in the Haskell County Jail, located in Stigler, Oklahoma, and transferred to the Oklahoma State Penitentiary located at McAlester, Oklahoma, for the alleged purpose of safe keeping, and was not returned until immediately prior to the beginning of his trial, as described and proclaimed by the District Court of Haskell County docket, which deprived your petitioner of the right of preparation, and the privilege to exhaust his own means of employment of Counsel and his right to be confined in the jurisdictional District in which he was charged.

"Your petitioner, in order to have sufficient time to accumulate and organize an effective defense and to recuperate from a physical relapse, caused by a previous injury, and com-

plicated by abusive manhandling, in the process of arrest, and subsequent confinement, made a motion for a continuance, from the before described docket calendar date, until which time as would permit me a proper presentation of defense, and a physical condition that would permit active participation, without infliction of permanent harm, presented an affidavit, and a medical record, under this condition, Trial Judge had no right to overrule the motion.

"Your petitioner found biased and prejudiced attitude of the Court and prosecution so revoking, in the face of which his appointed Counsel seemed so uncaring and *unaggresive,* that your petitioner completely lost all confidence in his ability, and asked the Court to dismiss him as his defense Counsel, which the Court did and said Court refused to appoint your petitioner further representation at the bar, and caused the record to represent both parties as announcing ready for Trial, and gave your petitioner the choice of continuing with previously appointed Counsel or conducting his own defense 'pro se' which of the two evils he chose the latter.

"Your petitioner as before stated, was charged with first degree robbery, during the course of the Trial he was consistently hounded and exposed to the adverse and prejudicial influence, of a companion charge of kidnapping, not charged in information, but preputated through the medium of testimony of the witnesses, in the presentation of which the prosecution was consistently encouraged and sustained by the court.

"The Court permitted your petitioner to be charged by a dual prosecuting witness, one party being a 'Mr. Erving Garner', giving testimony, on the grounds, and for the reason that the said 'Mr. Garner' had been committed to an insane asylum at least three separate times over a period of Fifteen (15) years, immediately prior to the Trial in question and has since been committed twice, to the best of my knowledge, I believe the Institutions were located at Vinita and Norman, certainly a reflection on the Court and prosecution for so rash and crude a method depriving your petitioner of 'Due Process.'

"The Court assumed the role of prosecution in the matters before described, and by failing to instruct the Jury in a directed verdict, for your petitioner, there being a complete lack of evidence to support the Corpus Delecti of charges. The evidence being composed of a multiplicity of charges, without qualification of certification, a conglamoration of material alleged to be a structure of circumstantial evidence, which relative to the charge of information, is *abolutely* incompetent to support the verdict.

"Your petitioner would like to present, as further *confirment* of his contentions, that the evidence failed to show the Corpus Delecti of charge, a carefully prepared exhibit, properly certified, depicting and reconstructing a situational scent, described as the prosecuting witness, a 'Mr. R. M. Scott' describing the robber as reaching directly in front of his eyes, in strong light, and dealing off a stack of bank notes, three five dollar bills. Your petitioner has had for many years a crippled hand, as this exhibit clearly shows *A Left Hand,* other witnesses swearing your petitioner to be the robber, an impossibility, and a further reflection in the judgment of any reasonable man, on the credibility of the testimony, for your information and review, see exhibit 'B'."

Whatever merit contained in the above assertions should have been presented to the Criminal Court of Appeals by direct appeal. The record reveals that no appeal was taken from the judgment and sentence of the trial court and time

for said appeal has long since expired. We are precluded by many previous decisions of this court from considering these matters by invoking the writ of Habeas Corpus. Our consideration of contentions under Habeas Corpus is limited to jurisdictional question and when it appears that trial court had jurisdiction of the person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, nothing more is needed for the rendition of a valid judgment. See Ex parte Hackett, 93 Okl.Cr. 82, 225 P.2d 184. Where the record reveals that the trial court had jurisdiction the writ of habeas corpus cannot be used to correct errors or irregularities, to render the proceeding void or to constitute a want of due process. There must be illegality or irregularity of such nature to render the judgment void before Habeas Corpus will lie. See Ex parte Robinson, 56 Okl.Cr. 404, 41 P.2d 127.

■■■ It is apparent that petitioner's allegation of errors and irregularities was matter for the consideration of this court upon appeal but not by habeas corpus. In the case of Ex parte Davis, 68 Okl.Cr. 29, 95 P.2d 915, this court said:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of his person and of the crime charged; and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors."

In the instant case it appears that the petitioner is attempting to substitute the writ of Habeas Corpus for writ of error or an appeal. This is unequivocally prohibited by numerous decisions of this court. Ex parte Miles, 56 Okl.Cr. 69, 33 P.2d 636.

In view of the previous decisions of this court and the reasons heretofore stated, the writ is denied.