**In the Matter of the Habeas Corpus of George Charles O'NEILL.**
**No. A–12982.**

Court of Criminal Appeals of Oklahoma.
Feb. 15, 1961.

James M. May, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for habeas corpus brought by George Charles O'Neill, now 40 years of age, wherein he asserts he is being unlawfully restrained of his liberty in the State Penitentiary by the Warden thereof, R. R. Raines. He alleges the cause of his restraint is by reason of a certain judgment and sentence entered against him on May 13, 1943 in the district court of Murray County, Oklahoma, on a charge, by information, alleging the crime of kidnapping for the purpose of extortion, upon which charge on his plea of guilty he was sentenced by District Judge J. I. Goins to a term of 99 years in the penitentiary.

He asserts in his petition that on May 12, 1943 he was arrested in Murray County for the alleged crimes of sodomy, and of kidnapping for the purpose of extortion (21 O.S.1951 § 886; 21 O.S.1951 § 745 respectively). He was taken before a magistrate, entered a plea of guilty in each case and was bound over to the district court.

On May 13, 1943 the petitioner was charged by information in cause No. 1487 with sodomy allegedly committed on a nine-year old boy, and was also charged by information in cause No. 1488 with the crime of kidnapping for the purpose of extorting a thing of value. On May 13, 1943 the petitioner was arraigned in the district court of Murray County, Oklahoma, before Judge J. I. Goins. The petitioner alleges that he was denied the aid of counsel, was not advised of his constitutional rights, and through intimation by the county attorney of being turned over to a mob, he entered his plea of guilty and was sentenced to 10 years in the penitentiary on the charge in case No. 1487, and to 99 years in the penitentiary in case No. 1488. He has now completed service in cause No. 1487, and is confined on the sentence imposed in case No. 1488 for kidnapping. It is from the latter imprisonment he seeks relief.

On the question of whether he was properly arraigned in the kidnapping charge, it appears from the court minutes that the information was read to him, time to plead thereto was waived, he was advised of his rights and entered his plea of guilty to the charge. See Ex parte Tucker, 91 Okl.Cr. 391, 219 P.2d 245, 246, where, in the fourth paragraph of the syllabus, this court said:

> "Where a disputed question arises in habeas corpus proceedings to obtain release from custody under sentence for crime, as to what occurred on arraignment of petitioner, great weight will be given to the recitation in the minutes of the criminal proceedings as to what occurred."

And see also Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193.

From an affidavit of Mr. Holmes Colbert, who was county attorney at said time and participated as such in the proceedings, it further appears that the petitioner was advised of his rights, and that the trial court offered to appoint counsel to represent him if he so desired, but defendant rejected the aid and advice of counsel, indicating that he preferred to plead guilty and accept punishment. It further appears therefrom that the county attorney recommended a term of 50 years imprisonment, but Judge Goins rejected the suggestion, and sentenced the petitioner to a term in the penitentiary of 99 years.

On the question of being subjected to fear of mob violence, the county attorney's affidavit shows that there was no mob; that no one other than defendant, the victim, the officers and court officials knew of this crime and that to relieve the young boy of any future embarrassment growing out of the crime against his person, no publicity was given the case and it was handled in a routine manner to avoid such results. He further alleges that he at no time had any conversation with the petitioner other than incident to his arraignment in court, and that the petitioner entered his plea to the charge without threats, persuasion, influence or suggestion from the county attorney. He says he recalls the incidents of this case particularly because it was the only one of its kind he ever handled involving such a charge.

The petitioner's memory is most faulty on the proceedings. He testified that the Judge who sentenced him was old and one-armed, and he understood had since died. On cross-examination he said he believed the name of the Judge was Goins. As to the mob, he said he really didn't know whether it was light or dark at the time it assembled. They were there, he testified, when he got to the jail.

It appears that this petitioner, after having been received at the penitentiary, was held under protective custody for several years because of sex acts, then was confined in the mental hospital at Vinita for about six years, and thereafter returned

to the penitentiary for completion of service of his sentence.

Approximately 17 years have elapsed since this proceeding was had. If the matters concerning which the petitioner testified had been timely called to the court's attention, they would have been of greater weight. We have repeatedly held as in Ex parte Snow, 84 Okl.Cr. 423, 183 P.2d 588, 589:

"Where a long period of time has elapsed since the pronouncement of judgment and sentence, in a criminal case, relief is sought from the effects of such judgment and sentence by petition for habeas corpus, proof in support of the allegations of the petitioner must be clear and convincing before the relief will be granted by this court.

\* \* \* \* \* \*

"The right to relief by habeas corpus on the grounds that at the time judgment and sentence was pronounced against the petitioner he was not represented by counsel and was not advised of his rights may be lost by laches, when the petition for habeas corpus is delayed for a period of time so long that the minds of the trial judge and the court attendants become clouded by time and uncertain as to what happened, or due to dislocation of witnesses, the grim hand of death and the loss of records, the rights sought to be asserted have become mere matters of speculation, based upon faulty recollection, or figments of imagination, if not outright falsifications."

And see also Ex parte Matthews, 85 Okl. Cr. 173, 186 P.2d 840.

Proof of the last-quoted principles is evidenced by the fact that the defendant himself describes Judge Goins as a one-armed man and old. Judge Goins, well known to the members of this Court, was at the time this case was heard a young man, and has never been one-armed, and is alive today.

This Court has held that in habeas corpus cases (Ex parte Hunt, supra [93 Okl.Cr. 106, 225 P.2d 194], paragraph 3 of the syllabus):

"Where a petition for a writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

And see Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862.

The petitioner has not sustained the burden in this case. This Court has held where trial court had jurisdiction of the petitioner's person, jurisdiction of the subject matter, and authority to pronounce the judgment and sentence rendered, and did nothing to cause it to lose jurisdiction, habeas corpus will be denied. In re Davis, Okl.Cr., 348 P.2d 545.

Such is the situation here, and the writ is, accordingly, denied.

NIX, P. J., and BUSSEY, J., concur.