**Howard ALLEN, Petitioner,**

v.

**Robert R. RAINES, Respondent.**

**No. A–13014.**

Court of Criminal Appeals of Oklahoma.

April 5, 1961.

950

Howard Allen, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action in habeas corpus instituted by the petitioner to secure his release from confinement in the State Penitentiary. This Court issued a rule to show cause why the writ shoud not be issued as prayed, and the Attorney General has filed a response on behalf of the respondent, Warden of the State Penitentiary, to which he attaches photostatic copy of the judgment and sentence, and also petitioner's prison record.

Petitioner files his application, which consists of 19 pages, without aid of counsel, and advances two grounds for issuance of the writ. He claims first that he was denied due process of law in that he was not furnished counsel; and, second, that he was twice placed in jeopardy for the same crime.

From the petition and response we find that the defendant in the district court of Muskogee County, Oklahoma entered a plea of guilty to a charge of robbery by force, and was on May 29, 1945 sentenced to serve 50 years in the state penitentiary. On the same day he was sentenced in four additional cases to five years in each case, such sentences to run concurrently with the 50-year sentence. The statement of petitioner reveals that one of the five-year sentences was for assault with intent to kill. He makes no mention of the other three cases, and it is not shown what the convictions were.

Petitioner states that he was 20 years of age at the time the judgments and sentences were rendered, that he was not furnished counsel, and that he did not waive his right to counsel, and thereby his right to due process of law was denied.

The copy of the judgment and sentence in case No. 8190, dated May 29, 1945, in which petitioner was sentenced to 50 years, shows that he was born May 22, 1924, which would have made him 21 years of age on the date of sentence.

We have held that a trial court may lose jurisdiction to pronounce judgment by failure to complete the court by appointing counsel to represent the accused where the accused has not effectively waived his constitutional right to the assistance of counsel; and that in a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law. Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139, 146.

However, courts do not look with favor upon a case where a person acquiesces in a sentence pronounced against him for a long period of time, 16 years in this case, and then seeks to have the judgment, regular on its face, set aside by asserting that his constitutional rights were denied him in the proceedings before the trial court, especially where the proof consists wholly of the statement of the petitioner. Ex parte George, 83 Okl.Cr. 99, 173 P.2d 454; In re O'Neill, Okl.Cr., 359 P.2d 619.

In Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193, 194, this court said:

"Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed. * * *

"The right to relief by habeas corpus may be lost by laches, when the petition for habeas corpus is delayed for a period of time so long that the minds of the trial judge and court attendants become clouded by time and uncertain as to what happened, or due to dislocation of witnesses, the grim hand of death and the loss of records, the rights · sought to be asserted have become mere matters of speculation, based upon faulty recollection, or figments of imagination, if not out-right falsification."

As grounds for his claim of double jeopardy, the petitioner states that on April 4, 1945 he was being held in the county jail of Muskogee County "for what was termed investigation of burglary and forgery" when he escaped from his cell "and struck the jailers on duty [there being two] with an iron pipe or bar, rendering both men unconscious." That he took from the desk drawer, presumably in the sheriff's office, a 30:20 pistol and made good his escape. That he was subsequently charged with the crimes of robbery by force, and assault with intent to kill, entered pleas of guilty to each of said charges and was sentenced as hereinbefore stated. His contention is that there should have been but one charge filed—that of escape or jail-break.

■■ We cannot agree with the contention of petitioner that he should have been charged with but one crime, that of escape or jail-break. He admits striking the two jailers with an iron pipe or bar, rendering both unconscious, and to taking the pistol to aid in his escape. These were two separate crimes under our statutes (21 O.S.1951 §§ 652, 653; 21 O.S.1951 § 792 et seq.), and while petitioner could have been charged with escape or jail-break,

the county attorney was fully justified in filing the two charges against him. In the case of Jones v. State, Okl.Cr., 341 P.2d 616, 618, this Court said:

"We have often held that the county attorney acts under a discretion committed him for the public good, and that one of his most important functions is to select, out of what the law permits, the charge which he will bring against offenders. Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144."

Petitioner's prison record reveals that he was paroled on March 25, 1959, and that his parole was revoked on April 29, 1960.

■ The judgment and sentence filed against the petitioner is regular on its face. The burden is upon the petitioner in making his attack upon the judgment to show lack of jurisdiction in the trial court to pronounce the judgment and sentence. In re O'Neill, supra.

■ It is well settled that where a prisoner in custody under a judgment of conviction and sentence seeks to be discharged on habeas corpus the inquiry is limited to the question of whether the court in which the prisoner was convicted had jurisdiction of his person and of the crime or crimes charged, and if the trial court had jurisdiction to convict and sentence, and the writ cannot issue to correct mere irregularities or errors. Ex parte Davis, 68 Okl.Cr. 29, 95 P.2d 915; In re Burke, Okl.Cr., 324 P.2d 285.

■ The petitioner has not sustained the burden of showing that the proceedings before the district court of Muskogee County were so irregular as to deprive the court of jurisdiction to render the particular judgment. No complaint as to the alleged illegality of said judgment was ever raised until the defendant had served 16 years of his original sentence, had been paroled and his parole revoked after little more than one year.

From the information before us, it is our opinion that the application is insufficient to justify the setting aside of the

judgment upon the grounds therein set forth, and that petitioner is not entitled to the writ.

Writ denied.

NIX, P. J., and BUSSEY, J., concur.