**Application of J. R. ALEXANDER for Writ of Habeas Corpus.**

**No. A–13542.**

Court of Criminal Appeals of Oklahoma.

July 1, 1964.

J. R. Alexander, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is an original action in habeas corpus, whereby the petitioner, J. R. Alexander, seeks to secure his release from confinement in the State Penitentiary.

There is attached to the verified petition copy of the information, and also copy of the judgment and sentence, showing that this defendant was convicted on a charge of larceny of domestic animals, to-wit: 19 head of Hampshire pigs, and sentenced to three years in the State Penitentiary.

In his petition it is alleged that the State of Oklahoma has failed, refused and neglected to properly show cause that petitioner is not unlawfully detained of his liberty, that the judgment and sentence complained of is not void; and that he has been unlawfully and illegally deprived of his liberty.

We would call the petitioner's attention to the fact that a petitioner in proceedings for habeas corpus to obtain release from the state penitentiary has the burden of sustaining the allegations of his petition; and that every presumption favors the regularity of the proceedings in a criminal prosecution. Ex parte Tucker, 91 Okl.Cr. 391, 219 P.2d 245; Smith v. Waters, 95 Okl.Cr. 279, 244 P.2d 1150.

It should be kept in mind that the guilt or innocence of a convicted person is not a matter that may be inquired into by habeas corpus. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189. The only issue a petition for writ of habeas corpus presents is whether or not the petitioner is restrained of his liberty by due process of law; that is to say, whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, of the crime charged, and jurisdiction to render the particular judgment. In re Yoder, Okl.Cr., 298 P.2d 1083; Ex parte Davis, 68 Okl.Cr. 29, 95 P.2d 915; In re Whatley, Okl.Cr., 308 P.2d 666.

This is a petition pro se, and we see fit to examine the circumstances of petitioner's imprisonment. We take judicial notice that prior hereto this petitioner sought a record at the expense of LeFlore County, Oklahoma, for the purpose of appealing to this Court from the conviction complained of. In re Application of Alexander, Okl.Cr., 392 P.2d 756.

The application of this petitioner to the trial court for a casemade had been denied by that court, but on the verified statement of petitioner, this Court went

to the trouble and expense of calling the trial judge, and also the attorney who had represented the defendant in his trial, and had proper orders entered giving petitioner additional time within which to prepare and file his appeal to this Court; and ordered the district court of LeFlore County to prepare and furnish this petitioner with a casemade for appeal. Thereafter, this petitioner notified the Court not to permit any attorney to file an appeal in his behalf, and that he had not authorized any attorney to act for him. He then files his petition for release by habeas corpus.

We conclude that this petitioner was represented by counsel in the district court of LeFlore County, that he was accorded a speedy trial, that the court had jurisdiction of the person of the defendant, of the crime charged, and that no constitutional right of this petitioner was violated.

Writ denied.

NIX, J., concurs.

BUSSEY, J., not participating.