Loyd A. GRANT, Petitioner,

v.

The STATE of Oklahoma and Ray H. Page,
Warden, Oklahoma State Penitentiary,
Respondent.

No. A–13609.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1965.

Loyd A. Grant, pro se.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

On the 3rd day of December, 1962 Loyd A. Grant was sentenced in the District

Court of Bryan County, Oklahoma to a term of fifty years imprisonment in the State Penitentiary from which judgment and sentence a timely appeal was perfected to this court. In an opinion by this court reported in Grant v. State, Okl.Cr., 385 P.2d 925 the judgment and sentence appealed from was affirmed and petition for rehearing was denied.

Petitioner has now filed an application for writ of error coram nobis alleging fourteen assignments of error. These assignments of error relate to questions of law and fact passed upon by this court in Grant v. State, supra, or relate to facts known to petitioner at the time of trial and his original appeal to this court.

 In Hendricks v. State, Okl.Cr., 297 P.2d 576, a comprehensive discussion of the office of writ of error coram nobis was written by the Honorable John C. Powell. In the syllabus of the court there appears the following language:

"As distinguished from the traditional writ of error enabling an appellate court to review an error of law committed by a trial court, the writ of error coram nobis brings an error of fact directly before the trial court.

"Where a conviction of crime has been affirmed by a judgment of an appellate court, the trial court is bound by the appellate court's mandate, and it is therefore appropriate to require a petitioner for a writ of error coram nobis to obtain from the appellate court permission to file the petition in the trial court. * * *

"The functions of a writ of error coram nobis are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court,

unless he was prevented from so presenting them by duress, fear, or other sufficient cause."

 Under the laws above set forth in Hendricks v. State, supra, we are of the opinion that the writ prayed for should be and the same is hereby denied.

JOHNSON, P. J., and NIX, J., concur.