Jessie John Richard HAGA, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13634.

Court of Criminal Appeals of Oklahoma.

April 7, 1965.

Jessie John Richard Haga, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

This is an original action instituted by the petitioner without aid of counsel, for the purpose of securing his release from confinement in the State Penitentiary. Petitioner was convicted in the district court of Tulsa County by a jury, on a charge of rape in the first degree, and the court sentenced him to serve 15 years in the state penitentiary.

Petitioner complains that he is held and restrained by reason of a void judgment and sentence, and prays for his immediate release. He does not state in what particular the judgment and sentence was void.

Petitioner also asks this Court to appoint him "such counsel as is necessary to pursue the matter at hand, pursuant to the statutes made and provided for indigent persons and/or order him brought before this Court, so he may present his argument in person." This Court has no funds with which to pay attorney fees or expenses of litigants in attending court.

Petitioner alleges that fundamental error was committed during his trial, but fails to state the nature of such error.

Petitioner complains that "three main defense witnesses who were subpoenaed and ready to testify at trial were told to leave and that they would not be needed", but does not state by whom such witnesses were dismissed. A copy of the appearance docket attached to the response shows that subpoenaes were issued for eleven witnesses for the defense. Petitioner admits that his witnesses "were no doubt reluctant to testify because of the social embarrassment related to the offense charged", and that they should have been compelled to attend.

The record shows that this petitioner was represented throughout the trial by counsel, and that notice of intention to appeal was given in open court on September 17, 1964, and the defendant was on that date given "30–10–5 for appeal"; and thereafter on November 25, 1964 petitioner filed an "application for extension of time for appeal", and on the same day "Application to file motion for forma pauperis".

To the petition the Attorney General on behalf of the respondents has filed a response in the form of a demurrer, stating that petitioner failed to file a timely request for casemade; calling attention to the fact that on September 17, 1964 respondent was granted "30–10–5 for appeal", and that this, obviously, was a reference to the time for a casemade, and that the docket reflects that petitioner's request for an extension, (whether on the casemade or on the appeal) of time was not made until November 25, 1964, after the time originally granted had expired.

These and other matters complained of by the petitioner could only be determined by a consideration of a casemade.

As this Court has repeatedly held, in a habeas corpus proceeding, only those matters alleged in the petition which pertain to the alleged lack of jurisdiction of the trial court will be considered; and where it appears that the trial court had jurisdiction of the person of the defendant, of the offense charged; and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors. Ex parte Davis, 81 Okl.Cr. 76, 160 P.2d 412; Ex parte Williams, Okl. Cr., 341 P.2d 652; George v. District Court, Tulsa County, Okl.Cr., 373 P.2d 1023; Roden v. Raines, Okl.Cr., 361 P.2d 1103.

There being no allegations set forth in the petition from which this Court could determine that the judgment pronounced against the petitioner is void, or that petitioner is restrained of his liberty without due process of law, it follows that the demurrer of the respondents should be sustained, and the petition for habeas corpus denied.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.