**Loyd A. GRANT, Petitioner,**

**v.**

**The STATE of Oklahoma, Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13660.**

Court of Criminal Appeals of Oklahoma.

April 28, 1965.

Loyd A. Grant, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge:

On the 3rd day of December, 1962 Loyd A. Grant was sentenced in the District Court of Bryan County, Oklahoma to a term of fifty years imprisonment in the State Penitentiary from which judgment and sentence a timely appeal was perfected to this court. In an opinion by this Court reported in Grant v. State, Okl.Cr., 385 P. 2d 925 the judgment and sentence appealed from was affirmed and petition for rehearing was denied.

Thereafter the petitioner sought an evidentiary hearing in an application for a writ of coram nobis, and the same was denied in an opinion rendered by this Court on the 6th day of January, 1965 and reported as Grant v. State of Oklahoma and Page, Warden, Oklahoma State Penitentiary, Okl.Cr., 398 P.2d 102.

He now seeks an evidentiary hearing on the same grounds set forth in his application for coram nobis in Grant v. State of Oklahoma and Page, Warden, Oklahoma State Penitentiary, supra.

 We have repeatedly held that habeas corpus is not a substitute for appeal, and where it appears that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce sentence imposed, the writ of habeas corpus will be denied. See Wynn v. Page, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Okl.Cr., 401 P.2d 534, Anderson v. Page, Warden, Oklahoma State Penitentiary and State of Oklahoma, Okl.Cr., 401 P.2d 188 and In re Burke, Okl.Cr., 324 P.2d 285, and this court having determined the issues herein presented adverse to petitioner in Grant v. State, supra and Grant v. State of Oklahoma and Page, Warden, Oklahoma State Penitentiary, supra, we are of the opinion that the court should on its own motion dismiss the application for habeas corpus, and the application is accordingly dismissed.

Application dismissed.

NIX and BRETT, JJ., concur.