**Patrick Allen FLEMING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–406.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1974.

Newell E. Wright, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron Wilhite, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Patrick Allen Fleming, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F-73-198, for the offense of Escape from the Oklahoma State Penitentiary, in violation of 21 O.S.1971, § 443. His punishment was fixed by jury at a term of five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the record reveals the following facts. The defendant was committed to the Oklahoma State Penitentiary on December 23, 1971, for committing the crime of Assault and Battery with a Deadly Weapon. The penitentiary records reflected that defendant escaped from the penitentiary on July 27, 1973. The Acting

Warden at the penitentiary received a call on or about August 4, 1973, advising him that the defendant was in custody in Marshall, Texas. A warrant for escape of the prisoner was issued the next day. On October 2, 1973, the Sheriff and one of his deputies of Pittsburg County went to Marshall, Texas to pick up the defendant. The defendant was returned to Pittsburg County and was booked in the county jail. Thereafter, on the 5th day of October, 1973, the defendant appeared in person at an initial appearance before the District Court, Pittsburg County. At such time the defendant was advised of his rights; he waived his right to an attorney; waived his time to plead and informed the court he wished to represent himself. Preliminary hearing was set for October 30, 1973. The records reflect that the defendant appeared pro se at such hearing. The court, thereafter, entered an Order binding the defendant over for trial.

The defendant's sole proposition of error consists of the assertion that the defendant failed to make a knowledgeable and intelligent waiver of counsel. In support of this proposition he alleges the defendant's right to counsel was treated differently at the preliminary hearing and at the trial court proceedings.

 Defendant relies on the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1062, 16 L.Ed.2d 694 (1966), in support of the error which allegedly occurred at the trial court proceedings. The defendant argues that although the trial judge asked the defendant if he desired counsel, the steps so taken in said questioning do not meet the minimum court standards necessary to establish an intelligent and knowing waiver of counsel on behalf of the defendant.

This Court has previously held, by way of analogy, in the case of Peterson v. State, Okl.Cr., 473 P.2d 293 (1970), that:

"It is well settled that 'the words of *Miranda* do not constitute a ritualistic formula which must be repeated without variation in order to be effective' . . . ."

A reading of the trial court transcript reveals the following questioning of the defendant by the trial judge, wherein the following appears:

"COURT: Mr. Fleming I notice that you appear without an attorney?

MR. FLEMING: Correct.

COURT: It is my further understanding that you appeared at preliminary hearing or all through these proceedings without an attorney?

MR. FLEMING: Yes, sir.

COURT: Let me ask you at this time would you want a court appointed attorney?

MR. FLEMING: Not at this time.

COURT: Not at this time. You wouldn't even want one appointed just to confer with him during the proceedings?

MR. FLEMING: No.

COURT: Alright, do you announce ready for trial?

MR. FLEMING: Yes, Your Honor."

Although in *Miranda*, supra, the warning of the right to counsel was discussed in its relation to custodial interrogation, we recognize this rule of law to be applicable to all critical stages of the judicial proceeding and further we find the reasoning in Peterson v. State, supra, to be controlling in the case at bar. Thus, we find the foregoing quoted portion of the record of the questioning of the defendant by the trial judge, clearly meets the minimum court standards required by due process.

This Court has held that many factors must be considered when a determination must be made whether or not the accused made a knowing and intelligent waiver of counsel. In Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851, this Court stated:

" . . . The age of the petitioner at the time he is arraigned, his education,

**28**

background and experience are all factors to be considered in this connection. Where a person has prior thereto served a term of imprisonment in the state penitentiary, the burden upon the petitioner to show that he was not acquainted with court procedure is even greater than it is for one who has never been in the courtroom before his arraignment. . . ."

In the instant case the defendant was a prior convicted felon. During all stages of the judicial proceeding leading to such prior conviction, he was represented by court appointed Public Defenders. Thus, the defendant was no stranger to the court or to criminal procedure. We feel the trial court record reveals the trial judge sufficiently informed the defendant of his right to counsel, thereby enabling the defendant to make a knowing and intelligent waiver of his right to counsel at the trial court proceeding.

The defendant further argues that the conviction requires reversal because of the absence of counsel at the preliminary hearing, coupled with no record of any offer by the court to provide such counsel. We reject this argument in view of the totality of the record and the finding that the defendant knowingly and intelligently waived his right to counsel at the trial court proceeding. The defendant having waived his right to counsel and having proceeded to trial on the merits, thereby waived all prior jurisdictional defects. See Haggy v. State, Okl.Cr., 509 P.2d 936 (1973).

We conclude that the record reveals the defendant, an adult person, with prior knowledge of criminal procedure, knowingly and intelligently refused representation of counsel and elected to represent himself. Such action by the defendant constitutes an intentional abandonment and relinquishment of his right to counsel.

For the above stated reasons, the judgment and sentence appealed from is accordingly affirmed.

BLISS, P. J., concurs.